**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Georgette Shorraw, ) | |
| ) | Civil Action No. 4:15-cv-03998-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Frederick J. Bell; ) | |
| St. Jude Medical S.C., Inc. d/b/a ) | |
| Amplatzer Medical Sales Corporation; ) | |
| Scott Kramer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Motion to Remand of Plaintiff Georgette Shorraw ("Plaintiff Shorraw") and Defendant and Cross-Plaintiff Frederick J. Bell ("Mr. Bell") (collectively, "Plaintiffs"). (ECF No. 8.) Defendant St. Jude Medical S.C., Inc. ("Defendant") opposes Plaintiffs' Motion to Remand and asks the court to retain jurisdiction. (ECF No. 10.) For the reasons set forth herein, the court **GRANTS** Plaintiffs' Motion to Remand (ECF No. 8).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Shorraw, a South Carolina resident, initially filed this personal injury and products liability action in the Circuit Court of Horry County, South Carolina, on April 3, 2013. (*See generally* ECF No. 1-1 at 7–13.) Plaintiff Shorraw alleges that she sustained injuries in a car accident where the driver, Mr. Bell, lost consciousness due to a defective condition in his Riata Automatic Implantable Cardioverter-Defibrillator ("AICD") Lead, and struck another vehicle. (*Id.* at 9.) Plaintiff Shorraw further alleges that (1) Defendant was negligent in manufacturing the Riata AICD Lead, (2) Defendant should be held strictly liable for violating S.C. Code Ann. § 15-73-10 (2016), and (3) Defendant breached both an implied and express

1

warranty to Plaintiffs.  (*Id.* at 7–13; *see also* ECF No. 1-3 at 2–8.)  Plaintiff Shorraw also brings a cause of action against Mr. Bell alleging that his gross negligence contributed to her injuries.  (ECF Nos. 1-1 at 10–11, 1-3 at 5–6.)

Plaintiff Shorraw originally filed this action in state court on April 3, 2013, naming Defendant and Mr. Bell, a citizen of South Carolina, as Defendants.  (ECF No. 1-1 at 7–13.)  Defendant removed the case to federal court and this court denied Plaintiffs' Motions to Remand in that action, concluding that Mr. Bell faced no financial liability, making him a nominal defendant whose citizenship would not be considered for purposes of diversity jurisdiction.  (*See* ECF No. 1-4.)

Though this court denied Plaintiffs' Motions to Remand, the court granted Plaintiff Shorraw's Motion to Amend her Complaint to add South Carolina Defendant, Scott Kramer.  (*See generally* No. 4:13-cv-01992-JMC at ECF Nos. 21, 40.)  Plaintiff Shorraw's Amended Complaint asserted that claims should proceed against Defendant Kramer because he was negligent in failing to either (1) properly conduct testing on Mr. Bell's implanted St. Jude Atlas II+ DR AICD and Riata AICD Leads or (2) warn Mr. Bell about the need to replace his AICD, resulting in the AICD's battery failure.  (ECF No. 1-3 at 8–9.)

Defendant filed a Notice of Removal on September 25, 2015, claiming therein that Plaintiffs' recent depositions, as well as the depositions of Mr. Bell's treating physicians, demonstrate that adding Defendant Kramer was a sham to destroy diversity between the parties.  (*See generally* ECF No. 1.)  Defendant asserts that removal is proper under the "safe-harbor" provision of 28 U.S.C. § 1446(c)(1) (2012), which allows an action to be removed to federal court more than one year after its commencement if a plaintiff acted in bad faith to prevent removal.  (*See* ECF No. 10 at 3–5.)

In its Notice of Removal, Defendant specifically identifies "four demonstrably false allegations and two sham affidavits" as evidence of Plaintiff Shorraw's bad faith in adding Defendant Kramer as a party to the instant action. (ECF No. 1 at 7–8.)

As to Plaintiff Shorraw's first "demonstrably false allegation," Defendant claims that Plaintiff Shorraw's deposition testimony directly contradicts her allegation that Mr. Bell experienced previous syncopal episodes. (*Id.* at 8–10.) Defendant also notes that Mr. Bell's deposition testimony regarding his prior syncopal episodes includes numerous contradictory statements. (*Id.* at 10–11.)

As to Plaintiff Shorraw's second "demonstrably false allegation," Defendant claims that Plaintiff Shorraw's Amended Complaint, stating that "Mr. Bell 'fail[ed] to consult his doctor about previous syncopal episodes and follow his recommendation,'" directly contradicts her allegation that Mr. Bell notified Defendant Kramer of previous syncopal episodes. (*Id.* at 12 (quoting Am. Compl. ¶25(c)).) Defendant also claims that testimony from Mr. Bell's treating physician, Dr. John Ijem, supports that "Mr. Bell did not report experiencing syncopal episodes or similar symptoms during [his October and November 2012] appointments," thus contradicting Plaintiff Shorraw's allegation. (*Id.* at 12 (citing Dr. Ijem Dep. at 36–41).)

As to Plaintiff Shorraw's third "demonstrably false allegation," Defendant claims that deposition testimony from Mr. Bell, Dr. Ijem, and Dr. Jason Goebel, a doctor who treated Mr. Bell after his car accident, directly contradicts Plaintiff Shorraw's allegation that Defendant Kramer had decision-making power over replacing Mr. Bell's AICD. (*Id.* at 13–14.) Both doctors testified that the treating physician is ultimately responsible for all medical decisions involving patients, not a technical representative such as Defendant Kramer. (*Id.*) Mr. Bell also

3

confirmed that he would only seek advice regarding questions or concerns about his AICD from Dr. Ijem. (*Id.* at 13.)

As to Plaintiff Shorraw's fourth "demonstrably false allegation," Defendant claims that Mr. Bell's medical records and deposition testimony from both Dr. Ijem and Dr. Goebel contradict Plaintiff Shorraw's allegation that Mr. Bell was pacemaker dependent. (*Id.* at 15–16.)

Defendant argues that these allegations, contained in Plaintiff Shorraw's Amended Complaint and in her expert witness Robert Dismukes's affidavits, acted as false predicates for joining Defendant Kramer in the instant action; they thus demonstrate Plaintiff Shorraw's bad faith. (*Id.* at 8.) In their Motion to Remand, Plaintiffs argue that the allegations are insufficient to establish bad faith because they (1) can be reasonably inferred from a review of the factual record, (2) address key factual issues of this case that remain in dispute, or (3) are irrelevant to Plaintiff Shorraw's cause of action against Defendant Kramer. (ECF No. 8-1 at 7–8.)

The court considers Plaintiffs' Motion to Remand (ECF No. 8) and Defendant's Response (ECF No. 10) below.

## II. LEGAL STANDARDS

*A. Removal and Diversity Jurisdiction*

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state

4

court jurisdiction"); *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441 (2012), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

  B. *Removal Under 28 U.S.C. § 1446 (2012)*

Where a case is not removable based on parties' initial pleadings, 28 U.S.C. § 1446(b)(3) governs when a defendant may file a notice of removal. Under § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper" that alerts the defendant to the

case's ability to be removed. The "other paper" requirement is construed broadly to include information received by defendants both formally and informally. *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (quoting *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994). Deposition testimony may be classified as an "other paper" under § 1446(b)(3). *Bethesda Chevy Chase Surgery Ctr., LLC v. Unitedhealthcare Ins. Co.*, No. 8:15-cv-03496, 2016 WL 3042957, at *4 (D. Md. May 27, 2016) (quoting *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D.W. Va. 2008)); *see also Breiding v. Wilson Appraisal Servs., Inc.*, No. 5:14-cv-00124, 2016 WL 1175257, at *3 (N.D.W. Va. Mar. 23, 2016).

When removal under § 1446(b)(3) is based on parties' diversity of citizenship under 28 U.S.C. § 1332(a), 28 U.S.C. § 1446(c)(1) further limits when a defendant may file a notice of removal. Under § 1446(c)(1), a defendant seeking federal jurisdiction under § 1332 may not remove a case "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (2012).

### III. ANALYSIS

The dispute before this court centers on whether Defendant timely removed the instant action based on its allegation that Plaintiff Shorraw relied on sham testimony to amend her complaint. Defendant contends that its removal should be considered timely because Plaintiff Shorraw's actions meet the bad faith exception for removal beyond the one-year removal time limit imposed by 28 U.S.C. § 1446(c)(1).

*A.     Plaintiffs' Motion to Remand*

Plaintiffs' Motion to Remand asserts that (1) Defendant's removal of this action was improper based on its timing, (2) Defendant's allegations of bad faith are insufficient to meet the

6

§ 1446(c)(1) standard for an exception to the one-year time limit on removals, and (3) Defendant has not shown that Defendant Kramer was fraudulently joined.[1]  (*See generally* ECF No. 8-1.)

Plaintiffs contend that pursuing a claim against Defendant Kramer was a strategic decision that Plaintiff Shorraw was entitled to make and is, thus, "not inherently bad faith." (*Id.* at 5–6 (citing *Brazell v. Gen. Motors, LLC*, No. 6:14-cv-04588, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015).)  In arguing that Plaintiff Shorraw's addition of Defendant Kramer was not a bad faith attempt to prevent removal, Plaintiffs point to Plaintiff Shorraw's continued litigation of claims against Defendant Kramer, including hiring an expert witness and surviving a motion to dismiss in state court. (*Id.* at 9–10.)  Plaintiffs assert that because Defendant fails to demonstrate forum manipulation, rather than mere strategic action, Plaintiff Shorraw's actions do not meet the bad faith standard for an exception to the one-year time limit on removals.  (*Id.* at 5–6.) Thus, according to Plaintiffs, Defendant's removal is untimely and this action should be remanded.  (*Id.* at 5.)

With regard to the four false allegations Defendant specifically describes as evidence of bad faith in its Notice of Removal,[2] Plaintiffs argue in their Motion to Remand that these, too, are insufficient to demonstrate forum manipulation.  Specifically, Plaintiffs assert that whether or not Mr. Bell's episodes are labeled as syncopal, record evidence shows that Mr. Bell suffered from dizziness prior to the accident.  (*Id.* at 8.)  And while Plaintiffs yield to the fact that Mr. Bell was not pacemaker dependent, they allege that whether he was pacemaker dependent or not is immaterial to Plaintiff Shorraw's cause of action against Defendant Kramer.  (*Id.* at 7.)

---

[1] Because Plaintiff Shorraw is still pursuing claims against Defendant Kramer and because key factual issues remain in dispute, Plaintiffs argue that Defendant Kramer was not fraudulently joined and therefore his citizenship cannot be ignored in determining subject matter jurisdiction under 28 U.S.C. § 1332.  (*See* ECF No. 8-1 at 2–4.)

[2] *See* discussion *supra* Part I.

7

Finally, Plaintiffs contend that whether Defendant Kramer owed a "duty to inform the treating physician and patient of recalls on St. Jude devices" and whether the treating physician relied on Defendant Kramer are key disputed issues in this action that should be decided by a court with jurisdiction, rather than on a notice of removal or motion to remand. (*Id.*)

    *B.*  *Defendant's Opposition to Plaintiffs' Motion to Remand*

Defendant's Opposition to Plaintiffs' Motion to Remand, which incorporates arguments made in Defendant's Notice of Removal, asserts that (1) removal was timely filed under 28 U.S.C. § 1446(c)(1)'s bad faith exception and (2) Defendant Kramer's fraudulent joinder should preclude his citizenship from consideration in determining diversity jurisdiction. (*See generally* ECF Nos. 1, 10.)

Defendant alleges that they learned that this action was removable on or about August 26, 2015 based on Plaintiff Shorraw's deposition testimony, which established that the claims against Defendant Kramer were false. (ECF No. 1 at 6.) Depositions of Mr. Bell and two treating physicians related to this case were taken after Plaintiff Shorraw's deposition. (*Id.*) Defendant alleges that the testimony in those later depositions also support removal. (*Id.*) Defendant removed this action on September 25, 2015, within 30 days of the earliest deposition. (*Id.*) Defendant thus states that its removal was timely under 28 U.S.C. § 1446(b)(3) because it was within 30 days of receiving notice that the case was removable. (*Id.*)

Defendant contends that to determine whether § 1446(c)(1)'s bad faith exception applies to the one-year time limit on removals under § 1446(b)(3), this court must consider "whether Plaintiffs intentionally took actions to prevent Defendant from removing the case to federal court." (ECF No. 10 at 4 (quoting *Hiser v. Seay*, No. 5:14-cv-00170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014).) Defendant argues that despite continuing to pursue a cause of action

8

against Defendant Kramer, Plaintiff Shorraw's addition of Defendant Kramer to the litigation was based on a sham affidavit and false allegations intended to destroy diversity. (ECF No. 1 at 7–8.) Defendant specifically identifies four false allegations that Plaintiff Shorraw relied on to bring claims against Defendant Kramer.[3] Defendant argues that because deposition testimony specifically refutes these four allegations, Defendant Kramer's addition to this action demonstrates Plaintiff Shorraw's bad faith attempt to prevent Defendant from seeking a federal venue. (ECF No. 10 at 5–15.)

Defendant avers that because Defendant Kramer was joined under the pretense of "false allegations propped up by sham affidavits," this court should find that Defendant Kramer was fraudulently joined, and thus his citizenship should not be considered in determining diversity jurisdiction. (ECF No. 1 at 16–17.)

   C.     *Court's Review*

Upon review of the record, this court finds that removal was untimely, and thus remand is necessary.

   *1. Defendant's Removal Was Appropriate Under § 1446(b)(3)*

Deposition testimony may be construed to fall within the "other paper" designation in 28 U.S.C. § 1446(b)(3), which allows defendants to remove actions when they become aware after parties' initial pleadings that a case is removable. Defendant filed its Notice of Removal within thirty days of the first deposition testimony that indicated that this action was removable. However, this case is beyond the one-year time period that limits removals under § 1446(b)(3) where the basis of jurisdiction is 28 U.S.C. § 1332. Neither party disputes these facts. Therefore, this court must consider whether removal was timely under 28 U.S.C. § 1446(c)(1)'s bad faith exception.

---

[3] *See* discussion *supra* Part I.

### 2. *Defendant's Removal Fails to Meet the Bad Faith Exception for Removals Beyond the One-Year Time Limit Under § 1446(c)(1)*

Courts have not settled on a clear standard for determining bad faith under 28 U.S.C. § 1446(c)(1). *Compare, e.g.*, *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014) (outlining a clear two-step process by which all removals within the district alleging bad faith under § 1446(c)(1) should be evaluated), *with Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-00923, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (stating that evidence of forum manipulation may be treated as sufficient for a finding of bad faith under § 1446(c)(1)).

In the Court of Appeals for the Fourth Circuit, what constitutes bad faith under § 1446(c)(1) is a developing standard. *See Johnson v. HCR Manorcare LLC*, No. 1:15-cv-00189, 2015 WL 6511301, at *4 (N.D.W. Va. Oct. 28, 2015) ("The contours of the bad faith exception are murky in the Fourth Circuit."). Despite lacking a definitive test for bad faith, Fourth Circuit district courts routinely evaluate bad faith under § 1446(c)(1) by determining whether plaintiffs engaged in forum manipulation specifically to prevent removal. *See, e.g.*, *Johnson*, No. 1:15-cv-00189, 2015 WL 6511301, at *4 (quoting *Ramirez v. Johnson & Johnson*, No. 2:15-cv-09131, 2015 WL 4665809, at *3 (S.D.W. Va. Aug. 6, 2015)) (stating that to prove bad faith, a defendant must "bear[] an arduous burden that requires evidence of forum manipulation"); *see also White v. Lexington Court Apartments, LLC*, No. 8:16-cv-00427, 2016 WL 1558340, at *3–4 (D. Md. Apr. 18, 2016) (ruling that removal was untimely because the plaintiffs' alleged bad faith acts were not taken to prevent removal); *Mansilla-Gomez v. Mid-S. Erectors, Inc.*, No. 0:14-cv-00308, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014) (finding that removal was untimely because factors other than preventing removal may have motivated the plaintiff's actions). This court follows its fellow district courts and considers whether Plaintiff Shorraw's actions

10

demonstrate forum manipulation to determine if removal was timely under § 1446(c)(1)'s bad faith exception.

Defendant argues that to determine whether Plaintiff Shorraw engaged in forum manipulation, this court should look to "whether Plaintiff[] intentionally took actions to prevent Defendants from removing the case to federal court." (ECF No. 10 at 4 (quoting *Hiser*, No. 5:14-cv-00170, 2014 WL 6885433, at *4).) However, as Plaintiffs note in their Motion to Remand, "it is not inherently bad faith to use strategy to defeat federal jurisdiction." (ECF No. 8-1 at 5–6 (quoting *Brazell*, No. 6:14-cv-04588, 2015 WL 1486932, at *4)); *see also Johnson*, No. 1:15-cv-00189, 2015 WL 6511301, at *4 (quoting *Ramirez*, No. 2:15–cv–09131, 2015 WL 4665809, at *3) ("The use of strategy to defeat jurisdiction does not constitute bad faith.").

In determining the boundary between forum manipulation and litigation strategy, this court considers other cases that contemplate forum manipulation. In *Tedford v. Warner-Lambert Co.*, for example, a pre-cursor to the bad faith exception now codified at § 1446(c)(1), the Court of Appeals for the Fifth Circuit found that the plaintiffs engaged in forum manipulation where, despite signing a Notice of Nonsuit for a nondiverse defendant prior to the expiration of the one-year anniversary of the action's commencement, the plaintiffs failed to timely notify the defendants or the court of the nonsuit, thereby denying the defendants the opportunity to remove the action. 327 F.3d 423, 427–28 (5th Cir. 2003). Similarly, other courts considering whether a party acted in bad faith to prevent removal evaluate whether the plaintiff's actions specifically consider the one-year limit on removal. *See, e.g.*, *Hiser*, No. 5:14-cv-00170, 2014 WL 6885433, at *4 (denying remand where the plaintiff intentionally chose to delay accepting a settlement offer with a nondiverse defendant until after the one-year time period elapsed); *Brown v. Wal-Mart Stores, Inc.*, No. 5:13-cv-00081, 2014 WL 60044, at *2 (W.D. Va. Jan. 7, 2014) (collecting

11

cases where the plaintiffs' actions in delaying disclosure of the amount in controversy until after the one-year time period were found to be in bad faith).

The facts in the instant action do not rise to the same degree of bad faith forum manipulation as in these cases. Here, Plaintiff Shorraw moved to include Defendant Kramer as a defendant in this case prior to Defendant's first removal of this case (ECF No. 1-1 at 114), and continues to prosecute claims against Defendant Kramer. (ECF No. 8 at 9–10.) For example, Plaintiff Shorraw hired an expert in Defendant Kramer's field, to review Mr. Bell's medical records and provide information regarding industry standards for checking the battery voltage on an AICD (ECF No. 8-6 at 2, 5), and defended against a motion to dismiss. (ECF No. 8-1 at 9–10.) Such actions indicate to this court that, even if Defendant Kramer's joinder was convenient for defeating federal diversity jurisdiction, Plaintiff Shorraw believes she has a cause of action against Defendant Kramer and that she intends to pursue it sincerely. Indeed, at least one court considers active litigation of a claim, including "[a]ny non-token amount of discovery," sufficient to create a rebuttable presumption of good faith when evaluating bad faith under § 1446(c)(1). *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, (D.N.M. 2014). While this court does not go so far as to extend Plaintiff Shorraw a rebuttable presumption of good faith, it does assign significant weight to her continued litigation against Defendant Kramer in its analysis of bad faith.

Plaintiffs characterize the allegedly false statements that Defendant relies on for its bad faith argument as statements that can be reasonably inferred from facts in the record,[4] material

---

[4] Defendant's Notice of Removal (ECF No. 1 at 2–3) and Opposition to Remand (ECF No. 10 at 5–6) both acknowledge that dizziness is among the symptoms of syncopal episodes. Plaintiffs allege that dizziness is a symptom found in Mr. Bell's medical records. (ECF No. 8-1 at 8.) Therefore, Defendant's claims regarding Plaintiff Shorraw's first and second allegedly false statements ((1) that Mr. Bell experienced syncopal episodes and (2) that Defendant Kramer knew of those episodes), could be reasonably inferred by Plaintiff Shorraw from the record.

disputes that should be litigated by a court with jurisdiction,[5] or statements irrelevant to the claim against Defendant Kramer.[6] This court agrees with Plaintiffs' characterization that its actions do not rise to the standard of bad faith forum manipulation.[7] Therefore, Defendant's removal must be deemed untimely under § 1446(c)(1).

### 3. Defendant Fails to Establish Federal Diversity Jurisdiction

Even if Defendant's removal was timely, to remain in federal court Defendant would still need to persuade this court to disregard Defendant Kramer's citizenship to maintain party diversity under 28 U.S.C. § 1332(a). Although this court's ruling renders unnecessary a conclusion on this issue, it does not appear that Defendant successfully argued fraudulent joinder or presented any other reasoning for why this court could disregard Defendant Kramer's citizenship and grant federal diversity jurisdiction under § 1332.[8]

---

[5] Plaintiffs do not explicitly refute Defendant's claim regarding the third allegedly false statement (that Defendant Kramer had decision-making power over replacing Mr. Bell's AICD). Unfortunately, despite clear contradictions between the Dismukes Affidavit and Dr. Ijem's deposition testimony (*see* ECF No. 1 at 13–14), this court cannot find bad faith under § 1446(c)(1) merely based on contradictions in the record, because these alleged contradictions do not establish Plaintiff Shorraw's intent to prevent removal. Core issues, including whether Defendant Kramer owed Plaintiffs a duty and whether Defendant Kramer was negligent in performing the tests that Dr. Ijem relied on when determining whether or not to replace Mr. Bell's ICD, remain in material dispute. Where issues remain in material dispute, this court cannot simply declare jurisdiction over an action with a nondiverse defendant by deeming the plaintiff's cause of action unviable. *See, e.g.*, *Doe v. OwenMcClelland LLC*, No. 8:11-cv-01008, 2012 WL 667828, at *3–4 (D.S.C. Feb. 29, 2012) (remanding an action for lack of subject matter jurisdiction where a viable claim remained against a nondiverse defendant, despite allegations that certain assertions by the plaintiff were unsupported by the record).

[6] Plaintiffs ceded Defendant's claim regarding Plaintiff Shorraw's fourth allegation (that Mr. Bell was pacemaker dependent). (ECF No. 8-1 at 7.) Unfortunately, like the third allegation discussed in footnote 5, *supra*, the falseness of this statement does not demonstrate a bad faith intent to bar removal. Moreover, material disputes regarding Defendant Kramer's duty and negligence to Plaintiffs prevent this court from offering Defendant relief in federal court. *See* discussion *supra* n. 5.

[7] *See* discussion *supra* nn. 4–6.

[8] To use the fraudulent joinder doctrine, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* Here, as noted in nn.5–6, *supra*, there are several material disputes surrounding Plaintiff Shorraw's claims against Defendant Kramer. If these disputes were resolved in Plaintiff Shorraw's favor, this court is not convinced that there would be no remaining negligence claim in state court. For this reason, even if this action was timely removed, it seems that this action would likely still be remanded to state court for final disposition because Defendant fails to establish fraudulent joinder.

## IV. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Plaintiffs' Motion to Remand (ECF No. 8) and **REMANDS** this action to the Court of Common Pleas for Horry County, South Carolina, for further proceedings and rulings on the remaining motions. The court denies Plaintiffs' request for costs and attorneys' fees related to this order.[9]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 5, 2016
Columbia, South Carolina

---

[9] Under 28 U.S.C. § 1447(c) fees should be denied unless a removing party "lack[s] an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Determining whether a party possesses "an objectively reasonable basis for seeking removal" is a matter of this court's discretion. *Id*. In the instant action this court finds that Defendant's arguments were grounded in a reasonable perception of the factual record and the applicable law. Therefore, fees are not appropriate.